|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | * * * | |

| | | |
|---|---|---|
| JAMILAH BOBO, | | Case No. 2:16-cv-02911-APG-CWH |
| | Plaintiff, | |
| v. | | **ORDER (1) GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| CLARK COUNTY COLLECTION SERVICE, LLC, | | |
| | Defendant. | |
| | | (ECF Nos. 50, 61) |

This is a dispute about the attempts of defendant Clark County Collection Service, LLC (CCCS) to collect on a debt owed by plaintiff Jamilah Bobo. In January 2015, Bobo received treatment from Fremont Emergency Services (FES) at Mountain View Hospital in Las Vegas, Nevada. After a year of non-payment on the bill for this treatment, FES assigned the debt to CCCS for collection, and CCCS commenced a civil action in state court. Multiple calls occurred between the parties, in which Bobo reiterated her belief that her health insurance would cover the bill. Eventually, CCCS moved for and obtained default judgment, which it later moved to vacate after Bobo's insurance paid FES.

Bobo sues CCCS for various violations of the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. She alleges that CCCS made statements to her over the phone that made her believe that CCCS would not prosecute the court action, and made statements in its motion for default judgment that misrepresented whether the debt was still owed. CCCS moved for summary judgment a month after Bobo's complaint was filed. Before that motion could be decided, the parties conducted discovery and CCCS filed an amended motion for summary judgment, which this order addresses. CCCS argues that Bobo's claim is barred by the *Rooker-Feldman* doctrine, that there is no evidence of CCCS making the statements alleged in Bobo's complaint or otherwise violating the FDCPA, and that to the extent Bobo alleges

violations of the statute based on any call not alleged in the complaint, those allegations are barred.

Bobo also moves for summary judgment. She argues that *Rooker-Feldman* does not apply, as she is not attacking the vacated default judgment. She contends that statements made by CCCS representatives on three different telephone calls led her to erroneously believe that CCCS was not pursuing its case against her while it attempted to bill her insurance. She also argues CCCS falsely represented in its motion for default judgment that she had not yet paid the bill.

The parties are familiar with the facts of the case, and I will not further detail them here except where necessary. I grant summary judgment for CCCS on Bobo's claim to the extent it relies on violations of 15 U.S.C. § 1692d and the calls that occurred on April 25 and May 31, 2016. Bobo does not raise an issue of material fact about whether CCCS violated § 1692d by engaging in abusive behavior, and her complaint did not allege a claim based on the April 25 and May 31 calls. Nor was she diligent in pursuing amendment to her complaint, to the extent her oppositions to CCCS's motions can be treated as such. I deny summary judgment for both parties to the extent Bobo's claim relies on a call on April 18, as there remain issues of fact as to whether the call occurred and what statements were made. I also deny Bobo summary judgment to the extent her claim is based on statements CCCS made in its motion for default judgment. CCCS did not move on this ground, but it has shown an issue of material fact as to whether its statements were false or misleading.

I. **ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

| | |
|---|---|
| 1 | The party seeking summary judgment bears the initial burden of informing the court of the |
| 2 | basis for its motion and identifying those portions of the record that demonstrate the absence of a |
| 3 | genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden |
| 4 | then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine |
| 5 | issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. |
| 6 | 2000). I view the evidence and draw reasonable inferences in the light most favorable to the non- |
| 7 | moving party. *James River Ins. Co. v. Hebert Schenck, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008). |

**A.** ***Rooker-Feldman***

CCCS first argues that Bobo's suit is barred by the *Rooker-Feldman* doctrine because her grievance over CCCS obtaining a default judgment is a challenge to the validity of that judgment. Bobo responds the doctrine is inapplicable, because she is not challenging the vacated default judgment but rather CCCS's actions that led to the judgment.

The *Rooker-Feldman* doctrine "forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). If a federal plaintiff "asserts as a legal wrong an allegedly erroneous decision by a state court" and seeks relief from that decision, *Rooker-Feldman* bars jurisdiction. *Id.* (quotation omitted). "In contrast, if a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party," the doctrine does not bar jurisdiction. *Id.* (quotation omitted).

Bobo is not seeking review and rejection of the default judgment. She is not "complaining of injuries caused by [a] state-court judgment[] rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Instead, she is complaining of allegedly illegal conduct by CCCS in its attempt to collect on her debt. Such a claim is not barred by *Rooker-Feldman*. *See Hageman v. Barton*, 817 F.3d 611, 616 (8th Cir. 2016) (holding *Rooker-Feldman* did not apply to claims alleging "statutory violations seeking statutory penalties based on . . . actions in the process of obtaining" default judgment).

### B. 15 U.S.C. § 1692d

Title 15 U.S.C. § 1692d forbids a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." CCCS contends there is no evidence that it engaged in any abusive or harassing conduct. In support, it points to Bobo's deposition, in which she was asked if a CCCS customer service representative engaged in any abusive conduct towards her and she answered no. ECF No. 51-1 at 25. Bobo does not respond to this argument, and does not point to any evidence of abusive or harassing behavior. Therefore, she has not shown a genuine issue of material fact whether CCSS violated § 1692d. I grant CCCS summary judgment on Bobo's claim that CCCS violated this provision of the FDCPA.

### C. April 18, 2016 Call

CCCS argues that no phone call took place on April 18, 2016, the alleged date of the only phone call referred to in Bobo's complaint. CCCS points to its account notes for Bobo, which do not show a record of a phone call on that date. ECF No. 51-1 at 46. In response, Bobo offers an affidavit in which she states a phone call occurred around April 18 before the April 25, 2016 call for which CCCS has a record. ECF Nos. 60 at 6:14-19; 8-1 at 2. She swears under oath that in that call, which was a conference call with her insurance company, CCCS told her the case against her would not be moving forward. ECF No. 8-1 at 2.

CCCS argues that Bobo's affidavit is insufficient to create a genuine issue of material fact. However, the cases CCCS cites refer to affidavits in which the affiant makes only conclusory allegations. *See, e.g.*, *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam). In contrast, Bobo makes specific factual allegations as to the call and the statements made during it. At summary judgment, I do not "weigh conflicting evidence with respect to a disputed material fact" or "make credibility determinations with respect to statements made in affidavits." *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988) (quotation omitted). A party's "sworn statements cannot be disbelieved at the summary judgment stage simply because [her] statements

are in [her] interest and in conflict with other evidence." *United States v. Arango*, 670 F.3d 988, 994 (9th Cir. 2012).

Therefore, there is a genuine issue of material fact about whether the April 18 call occurred and what statements were made during that call.[1] I deny CCCS summary judgment on Bobo's claim based on the April 18 call. Bobo did not move for summary judgment on her claim to the extent it relies on this call.

### D.  April 25 and May 31, 2016 Calls

CCCS argues that Bobo never pleaded a claim based on calls between the parties that took place on April 25 and May 31, 2016. I agree. In her complaint, Bobo alleges only one phone call between the parties on which her claim relies, the April 18 call. She does not allege that any other phone calls took place in which CCCS made false or misleading representations to her about her debt.

To the extent Bobo's opposition to CCCS's amended motion for summary judgment could be construed as a motion to amend to add claims based on the later calls, I deny it. Where a party seeks to amend a pleading after expiration of the scheduling order's deadline for amending the pleadings, the moving party first must satisfy the stringent "good cause" standard under Federal Rule of Civil Procedure 16. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)'s "good cause" standard centers on the moving party's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson*, 975 F.2d at 609. The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action. *See United States v. Dang*, 488 F.3d 1135, 1142–43 (9th Cir. 2007); *Royal Ins. Co. of Am. v. S.W. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999). Whether to modify the scheduling order's amendment deadline lies in my discretion. *Dang*, 488 F.3d at 1142–43.

---

[1] CCCS claims that the alleged April 18 call must be the April 25 call shown in its records, but that is a question for the jury. Because Bobo did not allege the April 25 call separately from the April 18 call in her complaint, she does not have an independent claim for statements made in the April 25 call, as discussed below.

The scheduling order's deadline to amend the pleadings expired on April 10, 2017. ECF No. 15. Bobo filed her opposition to the amended motion for summary judgment on September 1, 2017. ECF No. 60. She has thus exceeded the deadline by five months. Bobo argues that CCCS had fair notice of these allegations because she briefed them in her opposition to CCCS's first motion for summary judgment in January 2017. *See* ECF No. 8. But if Bobo knew she was going to rely on these calls before the deadline to amend pleadings had passed, she should have moved to amend her complaint at that time. As a participant in each of these phone calls, Bobo knew the facts supporting a claim based on those phone calls from the outset.

Bobo has not shown good cause to amend the scheduling order, and I decline to do so. I grant summary judgment to CCCS to the extent Bobo's claim is based on the April 25 and May 31, 2016 calls.

### E. Statements in CCCS's Motion for Default Judgment

CCCS argues repeatedly that Bobo's "only allegation of misconduct in the Complaint is that CCCS made . . . misrepresentations during a three way telephone call . . . on April 18, 2016." ECF No. 50 at 9; *see also* ECF Nos. 67 at 11; 74 at 19. Rule 8(a) requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (quotation omitted). Bobo's complaint gave fair notice that the FDCPA claim was based in part on CCCS's statements in its motion for default judgment. She alleges the debt was paid by her insurance provider on May 20, 2016, and that CCCS subsequently filed a motion for default judgment, leading to a "deceptive default judgment." ECF No. 1 at 3–4.

CCCS did not move for summary judgment on these allegations, but Bobo did. In particular, she argues that CCCS's statement in an affidavit supporting its motion for default judgment that Bobo "failed and refused to pay" the debt was misleading, because CCCS knew at that time that Bobo's insurance had paid, or was going to pay, the bill. *See* ECF No. 51-2 at 17.

In support, Bobo offers the Explanation of Benefits (EOB) she received from her insurance provider stating the claim at issue was processed on May 20, 2016 and the insurance

"paid" a portion of the bill. ECF No. 61-7 at 2. CCCS argues that the EOB is inadmissible hearsay that cannot be used to raise an issue of fact when considered against the evidence it produced. CCCS provided FES's payment processing company's record showing the processing of a payment on August 3, 2016. ECF No. 51-1 at 36. Because CCCS has produced evidence sufficient to raise a material issue of fact about whether the bill was paid before CCCS moved for default judgment—and thus whether CCCS misrepresented Bobo's failure and refusal to pay—I do not need to decide the admissibility of the EOB at this time. I deny Bobo summary judgment on her claim that CCCS made misrepresentations in its motion for default judgment.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Clark County Collection Service, LLC's motion for summary judgment **(ECF No. 50) is GRANTED in part and DENIED in part.** I grant summary judgment for CCCS on Bobo's FDCPA claim to the extent it is based on violations of 15 U.S.C. § 1692d or for any statements made in the calls between the parties on April 25 and May 31, 2016. I deny summary judgment on Bobo's claim that is based on statements made during a call on April 18, 2016.

IT IS FURTHER ORDERED that plaintiff Jamilah Bobo's motion for summary judgment **(ECF No. 61) is DENIED.**

DATED this 23rd day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE