# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jamilah Bobo, | Case No.: 2:16-cv-02911-APG-CWH |
| Plaintiff | **Order Granting Plaintiff's Motion to Strike and Plaintiff's Motion in Limine No. 2** |
| v. | |
| Clark County Collection Service, LLC, | [ECF Nos. 96, 97] |
| Defendant | |

Plaintiff Jamilah Bobo sued defendant Clark County Collection Service, LLC (CCCS) in December 2016, alleging violations of the Fair Debt Collection Practices Act.[1] In lieu of filing an answer, CCCS filed a motion for summary judgment under Federal Rule of Civil Procedure 56.[2] The parties proceeded with discovery while that motion was pending and, in August 2017, CCCS filed an amended motion for summary judgment.[3] One month later, Bobo filed her own motion for summary judgment.[4] On March 23, 2018, I granted in part CCCS's motion for summary judgment and denied Bobo's motion for summary judgment.[5] The pretrial order was entered on April 24, 2018.[6] Then, on September 5 and 6, 2018, CCCS filed an answer and amended answer, raising twelve affirmative defenses.[7]

---

[1] ECF No. 1.
[2] ECF No. 5.
[3] ECF No. 50.
[4] ECF No. 61.
[5] ECF No. 80.
[6] ECF No. 85.
[7] ECF Nos. 89, 90.

Bobo now moves to strike only the affirmative defenses from CCCS's amended answer.[8] Bobo does not argue that the defenses are insufficient as a matter of law or irrelevant to the matter at hand. Instead, her argument is that the defenses were raised in an answer that was untimely filed close to trial and after the entry of the pretrial order. She further argues that the affirmative defenses were waived because CCCS did not raise them in the pretrial order.

Bobo argues throughout her motion that CCCS waived its right to plead affirmative defenses by neglecting to include them in the proposed pretrial order.[9] CCCS responds only that it was not required to raise affirmative defenses in the pretrial order.[10]

"A pretrial order controls the subsequent course of the action unless modified 'upon a showing of good cause.'"[11] "[A] party may not 'offer evidence or advance theories at the trial which are not included in the order or which contradict its terms."[12] Federal Rule of Civil Procedure 16(e) states that a pretrial order may be modified "only to prevent manifest injustice."

"A pretrial order has the effect of amending the pleadings and controls the subsequent course of action of the litigation."[13] The Ninth Circuit has frequently held that affirmative defenses are waived if not in the pretrial order.[14] "[I]ssues not preserved in the pretrial order

---

[8] ECF No. 97. Bobo does not argue that the entire answer should be stricken.

[9] ECF No. 97 at 7–8.

[10] ECF No. 109 at 5.

[11] *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005) (quoting *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).

[12] *Id.* (quoting *U.S. v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981) (footnote reference omitted)).

[13] *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) (internal citations and quotations omitted).

[14] *Id.* at 924 (finding defense waived when raised for the first time in reply brief to appellate court and not in pretrial order); *So. Cal. Retail Clerks Union v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984) (concluding that issue was waived where no colorable reference to defense in pretrial order); *accord El-Hakem*, 415 F.3d at 1077 (finding no abuse of discretion in allowing

2

have been eliminated from the action," and a failure to preserve an issue in the pretrial order will prevent the party from raising it in the future.[15] Moreover, "[t]he existence of references to [an] issue in the record of the case compiled before the pretrial orders is irrelevant. The very purpose of the pretrial order is to narrow the scope of the suit to those issues that are actually disputed and, thus, to eliminate other would-be issues that appear in other portions of the record of the case."[16]

CCCS has waived the defenses asserted in its answer. The pretrial order contains no colorable reference to any of the twelve defenses CCCS raised in its answer, and CCCS had every opportunity to include these defenses in the pretrial order. The nature of the pretrial order is to narrow the scope of issues at trial, and issues not raised in the pretrial order are waived. CCCS has made no showing of good cause or the need to prevent injustice that might justify amending the pretrial order. Nor has it requested a modification of the pretrial order and no good cause exists to do so on the eve of trial. Therefore, I grant Bobo's motion to strike the affirmative defenses from CCCS's answer.

IT IS THEREFORE ORDERED that Bobo's motion to strike CCCS's affirmative defenses **(ECF No. 97) is granted.**

/ / / /

/ / / /

/ / / /

---

amendment to pretrial order when defendant raised identical defense to one claim but not another because it was unlike cases where defendants "failed to include *any* reference to the defense in the pretrial order").

[15] *So. Cal. Retail Clerks Union*, 728 F.2d at 1264.

[16] *Id.*

IT IS FURTHER ORDERED that Bobo's motion in limine to exclude evidence of or reference to the bona fide error affirmative defense **(ECF No. 96) is granted.**

DATED this 3rd day of October, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE